IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0383-WS-C |
| ) | |
| **DAMON LETT, d/b/a DAMON LETT** ) | |
| **ROOFING,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (doc. 23) filed by defendant Kiker Corporation, and the identical Motion to Dismiss (doc. 25) filed by defendant St. Catherine of Siena Parish.  In a reply brief (doc. 30) dated November 17, 2011, Kiker notified the Court of its assessment that plaintiff's opposition is well-taken and that its Motion should be denied; therefore, Kiker's Motion to Dismiss (doc. 23) is **denied**.  St. Catherine has made no such concession and did not file any reply addressing plaintiff's arguments; therefore, the Court proceeds to consider its Rule 12(b) Motion at this time.

Plaintiff, Evanston Insurance Company, brought this action for declaratory judgment against defendants Damon Lett d/b/a Damon Lett Roofing ("Lett Roofing"), Kiker Corporation, and St. Catherine of Siena Parish.  The Complaint (doc. 1) reflects that Lett Roofing is the named insured on certain commercial lines policies issued by Evanston.  According to the Complaint, St. Catherine filed suit against Kiker in state court in March 2010, based on the following alleged facts:  (i) in May 2003, St. Catherine contracted with Kiker to install a new roof on the church; (ii) Kiker completed the main roofing job in March 2004; (iii) St. Catherine experienced significant leakage through the new roof in April 2008, damaging the ceiling of the church; (iv) the new St. Catherine roof has leaked on more than a dozen subsequent occasions; and (v) Kiker has been unable to find and fix the leaks.  For its part, Kiker brought a Third Party Complaint in state court against Lett Roofing, alleging that Kiker had subcontracted with Lett Roofing to construct and install that roof and that the subcontract included provisions requiring that Kiker be

indemnified and that it be named as an additional insured on Lett Roofing's commercial general liability insurance policy.

In its Complaint for Declaratory Judgment initiating this action on July 14, 2011, Evanston maintains that the policies it issued to Lett Roofing do not provide coverage for the state-court claims because the alleged "defective work" or "defective/negligent construction" does not constitute a covered "occurrence," the insured hazard was residential roofing not commercial roofing, and various policy exclusions preclude coverage. According to the Complaint, "[a]n actual controversy exists among the parties regarding Evanston's obligations, if any, under these Policies" issued to Lett Roofing. (Doc. 1, ¶ 9.) On that basis, Evanston petitioned this Court to enter a judgment declaring each parties' rights and obligations under the policies, and specifically declaring that Evanston owes no duty to indemnify or defend against the claims asserted in the underlying action.

St. Catherine filed a Motion to Dismiss (doc. 25), alleging that the Complaint should be dismissed in its entirety for lack of a justiciable case or controversy. It is beyond cavil that "a declaratory judgment may only be issued in the case of an 'actual controversy.' That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *see generally DiMaio v. Democratic Nat'l Committee*, 520 F.3d 1299, 1301 (11th Cir. 2008) ("It is by now axiomatic that Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies.") (citation and internal quotation marks omitted). Simply put, "[a] district court cannot entertain a suit for a declaratory judgment unless there is a 'definite and concrete' controversy." *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1275 n.14 (11th Cir. 2010). "The determination of whether an actual case or controversy exists is determined on a case-by-case basis." *GTE Directories Pub. Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted).

From review of the file, it is abundantly clear that the "case or controversy" requirement is satisfied here. Kiker (by and through its insurance company) formally demanded defense and indemnity from Lett Roofing in August 2010, requesting in writing that "your carrier [*i.e.,*

Evanston] provide defense and indemnity … for this claim." (Doc. 28, Exh. A.) Lett Roofing filed a claim under the policies in September 2010. (*Id.*, Exh. B.) In April 2011, Evanston denied Lett Roofing's claim for coverage and a defense, and separately denied Kiker's demand for a defense and indemnity under the subject policies. (*Id.* Exhs. C & D.) In pleadings filed in this very litigation, both Kiker and St. Catherine have denied Evanston's allegation that it owes no coverage or duty to defend Lett Roofing. (Docs. 8, 18.)[1] Taken in the aggregate, these circumstances leave no room for doubt that an actual, definite and concrete controversy exists as to whether Evanston owes coverage and defense obligations to Lett Roofing under the subject policies. Lett Roofing made a coverage demand. Evanston denied it. Both Kiker and St. Catherine insist that there is coverage. These facts, like those in countless other insurance coverage disputes filed in federal court as declaratory judgment actions, suffice to establish the existence of an actual case or controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment. *See generally American Ins. Co. v. Evercare Co.*, 2011 WL 2344147, ∗3 (11th Cir. June 15, 2011) ("[Insurer] denied coverage and [insured] has demanded it. That is a controversy and thus there is jurisdiction.").[2]

St. Catherine's Motion to Dismiss (doc. 25) is **denied**. The Court notes that all defendants have filed answers. (*See* docs. 7, 11, 18.) Additionally, the parties have filed their Report of Parties' Planning Meeting (doc. 13). This matter is therefore referred to Magistrate Judge Cassady for entry of a Rule 16(b) Scheduling Order or other appropriate action to get this case on track for discovery, pretrial and trial.

DONE and ORDERED this 24th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] For its part, St. Catherine "denies the averment that Evanston does not have coverage for or a duty to defend Damon Lett d/b/a Damon Lett Roofing." (Doc. 8, ¶ 12.) And Kiker likewise "denies the allegations that Evanston does not have coverage for or a duty to defend Damon Lett d/b/a Damon Lett Roofing." (Doc. 18, ¶ 12.)

[2] Even if Lett Roofing changed its position after the filing of the Complaint in this case, that development would not affect the presence of an actual case or controversy at the time suit was filed. *See, e.g., GTE Directories*, 67 F.3d at 1568 ("A case or controversy must exist at the time the declaratory judgment action is filed."). There is no indication before the Court that Lett Roofing had conceded lack of coverage at any time before the filing of the Complaint.