IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 11-0383-WS-C** |
| ) | |
| **DAMON LETT d/b/a DAMON LETT** ) | |
| **ROOFING,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

    This matter comes before the Court on plaintiff's Motion for Summary Judgment as to St. Catherine of Siena Parish (doc. 50).

    Plaintiff, Evanston Insurance Company, brought this declaratory judgment action against Damon Lett d/b/a Damon Lett Roofing, Kiker Corporation, and St. Catherine of Siena Parish. Evanston seeks a declaration that it owes no duty to defend or indemnify Lett Roofing or Kiker in connection with an underlying state-court action styled *St. Catherine of Siena Parish v. Kiker Corporation, et al.*, pending in the Circuit Court of Mobile County, Alabama, and alleging that Kiker and/or Lett Roofing installed a new roof on St. Catherine Church in a faulty or otherwise deficient manner.

    In July 2012, Evanston filed a motion for summary judgment against defendant Kiker and a motion for judgment on the pleadings against defendant Lett Roofing. (Docs. 35, 37.) Lett Roofing elected not to respond to Evanston's Rule 12(c) motion, and Kiker acknowledged Evanston's Rule 56 motion via a simple one-sentence document confirming that it would not be filing a substantive response. Notwithstanding Lett Roofing's and Kiker's non-participation, the undersigned reviewed and analyzed these motions on the merits, as required by law. On October 15, 2012, the Court entered an Order (doc. 48) and Judgment (doc. 49) granting both the Rule 56 and the Rule 12(c) motions, and declaring that Evanston was not obligated to defend or to indemnify Lett Roofing or Kiker in the underlying state-court action brought by St. Catherine. The rationale undergirding that ruling was that a Classification Limitation Endorsement in the

subject insurance policies limited Evanston's coverage to Lett Roofing's residential roofing operations, which the St. Catherine job could not have been because Lett Roofing was installing a roof on a church, not a residence.

Unfortunately, the October 15 Order and Judgment could not wrap up these proceedings once and for all because Evanston had not filed a dispositive motion as to defendant St. Catherine (which had not responded to either the summary judgment motion as to Kiker or the motion for judgment on the pleadings as to Lett Roofing). The October 15 Order directed Evanston and St. Catherine to meet and confer in good faith about the status of this action, and to file a joint report concerning the presence or absence of any triable issues joined between them. Thereafter, Evanston filed its Motion for Summary Judgment as to St. Catherine, requesting that this Court enter a declaratory judgment against St. Catherine declaring that the commercial lines insurance policies Evanston issued to Lett Roofing provide no coverage to pay for any damages obtained by St. Catherine in the state-court lawsuit. In response, St. Catherine observes that Evanston's claims against it are not independent of Evanston's now-adjudicated claims against Kiker and Lett Roofing, and indicates that it "does not oppose Evanston's motion for summary judgment and consents to this Court amending the judgment (Doc. 49) to include St. Catherine." (Doc. 53, at 2.)

The October 15 Order explained in detail why Evanston owes no duty to defend (and, consequently, no duty to indemnify) Lett Roofing or Kiker in the state-court litigation. Evanston's present Motion for Summary Judgment urges the Court to find that it is entitled to judgment as a matter of law against St. Catherine on precisely the same grounds. The Court is aware of no reason why the October 15 Order's reasoning and conclusions should not apply with equal force to Evanston's claims against St. Catherine. And St. Catherine itself points out that Evanston's claims against it are not independent of its claims against the other two defendants, and states that it consents to the entry of judgment against it herein.

In light of the foregoing facts and circumstances, and notwithstanding the unusual procedural posture of the case and the unorthodox, piecemeal, and uncontested manner in which the dispositive motions process has played out, the Court finds that there are no genuine issues of material fact. Evanston has met its burden of showing as a matter of law that it is entitled to a declaration in its favor and against St. Catherine that Evanston owes no duty to defend or to indemnify Lett Roofing or Kiker in connection with St. Catherine's state-court lawsuit.

-3-

Accordingly, Evanston's latest Motion for Summary Judgment as to St. Catherine (doc. 53) is **granted**.  An amended judgment will be entered.

Because this Order and the accompanying Final Amended Judgment resolve all issues joined herein as to all parties, the Clerk's Office is **directed** to close this file for statistical and administrative purposes.

DONE and ORDERED this 8th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE